**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TOMMIE SMITH,

        Plaintiff,

vs.                             CASE NO.  3:13-cv-1563-J-MCR

CAROLYN W. COLVIN, Commissioner of
the Social Security Administration,

        Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court on Plaintiff's appeal of an administrative decision denying her July 6, 2010 applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI").  Plaintiff asserts a disability onset date of April 30, 2010 (Tr. 20, 147, 152), the same date on which Plaintiff's earlier applications for Social Security disability assistance were denied.[1]  On April 21, 2011, Administrative Law Judge ("ALJ") David W. Carstetter held  a hearing on the current applications.  (Tr. 34-39.)  Plaintiff attended the hearing and was represented by an attorney.  The ALJ found Plaintiff not disabled from April 30, 2010 through June 14, 2012, the date of the decision.  (Tr. 17-29.)

In reaching the decision, the ALJ found Plaintiff had the severe impairments of: "degenerative disc disease with radiculopathy, degenerative joint disease, and hypertension" (Tr. 22).  The ALJ determined Plaintiff's "medically determinable mental

---

[1]On April 30, 2010, ALJ Patrick McLaughlin entered a decision finding Plaintiff was not disabled from December 10, 2007 through the date of his decision. (Tr. 40-52.)

impairments of post-traumatic stress disorder, adjustment disorder with depressed mood, and polysubstance abuse (cocaine)" were "non-severe" (Tr. 23).  He also found that Plaintiff retained the residual functional capacity ("RFC") to perform light work with "no climbing of ladders, ropes, and scaffolds; only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; and must avoid even moderate exposure to pulmonary irritants (fumes, odors, gases, dusts, poor ventilation, etc.) and hazards (machinery, heights, etc.)" (Tr. 24).  Based on this RFC, the ALJ determined Plaintiff could return to her past relevant work and she was not disabled (Tr. 27-28).

Plaintiff has exhausted her available administrative remedies and the case is properly before the Court.  The parties consented to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 18.)  The undersigned has reviewed the record, the briefs, and the applicable law.  For the reasons stated herein, the Commissioner's decision is **REVERSED and REMANDED.**

## I.  Issues on Appeal

Plaintiff raises two issues on appeal.  First, Plaintiff argues the ALJ erred in failing  to credit "critical parts" of the examining physician's opinion, to which the ALJ gave "great weight.  Second, Plaintiff asserts the ALJ erred at step four and step five in determining Plaintiff's ability to work.  Specifically, Plaintiff alleges: (a) the ALJ misclassified Plaintiff's past relevant work ("PRW") as a "medical secretary;" and, (b) vocational expert testimony was necessary to determine if Plaintiff could perform other work in the economy.

2

The Commissioner argues substantial evidence supports the ALJ's evaluation of Plaintiff's residual functional capacity and the finding Plaintiff could return to her past relevant work.

Upon review, the Court finds substantial evidence does not support the ALJ's finding of Plaintiff's past relevant work.  The Court also finds the ALJ erred in failing to utilize a vocational expert.  Therefore, the Court will limit its discussion to these errors and remand the case to the Commissioner for further development and consideration.

## II. Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004).  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th

Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

### III. Discussion

An ALJ must apply the five step sequential evaluation process provided by 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4).[2] Claimants bear the burden of persuasion through the fourth step, but the burden temporarily shifts to the Commissioner at the fifth step. *Bowen v. Yuckert*, 482 U.S. 137, 146, 107 S. Ct. 2287 n.5 (1987).

**Erroneous Finding of Past Relevant Work**

As part of the step four evaluation, the ALJ is called upon to determine whether Plaintiff can return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). "The regulations require that the claimant not be able to perform her past *kind* of work, not that she merely be unable to perform a specific job she held in the past." *Jackson v. Bowen*, 801 F.2d 1291, 1293 (11th Cir. 1986) citing 20 C.F.R. § 404.1520(e) (emphasis in original).

In this instance, the past kind of work is identified by the ALJ with reference to a single classification in the *Dictionary of Occupational Titles* ("DOT") (Tr. 27).[3] The DOT constitutes substantial evidence for the listed occupations, however the identified occupation must reflect the past relevant work. Here, there is a marked incongruence

---

[2]As the Regulations for SSI disability payments mirror those set forth for DIB on the matters presented in this case, from this point forward the Court may refer only to those sections in 20 C.F.R. pertaining to part 404 and DIB.

[3]The references to "DOT" are short form citations to the United States Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991).

between Plaintiff's stated work history (Tr. 210-17), other record evidence (Tr. 50-51, 174),  and the ALJ's classification of Plaintiff's past relevant work (Tr. 27).

The ALJ identified Plaintiff's past relevant work as that of a medical secretary listed under DOT 201.362-014 (Tr. 27).  The ALJ does not refer to any record evidence in support of this finding.  Moreover, the ALJ failed to question Plaintiff at the hearing regarding her past work or her functional capabilities (Tr. 34-39).[4]  The ALJ did not utilize the services of a vocational expert.  Although the ALJ determined Plaintiff had worked as a medical secretary, which is classified as a skilled occupation performed at the sedentary level, he contemporaneously found Plaintiff performed this sedentary occupation at the medium exertional level (Tr. 27).   Notwithstanding the greater physical exertion noted by the ALJ, the record reveals Plaintiff's prior work falls outside the description of a medical secretary.

In a work history and a Social Security Disability Report-Adult, Plaintiff identified her past work from 2002 to 2009 as a resident assistant at a drug rehabilitation facility, as a unit secretary and as a clerk technician at a nursing home and hospital (Tr. 174, 210-13).  While working as a resident assistant, Plaintiff described her job duties as driving a fifteen (15) passenger vehicle in which she transported clients to and from appointments, climbing stairs between floors to "make sure clients were safe and make sure they had their meds," and inputting data on a computer and keeping up files (Tr.

---

[4]In fact, it is troubling to the Court that the transcript of the administrative hearing reveals the hearing lasted approximately five (5) minutes and contains practically no direct questioning of Plaintiff. (Tr. 34-39.)

211).  As a unit secretary, Plaintiff stated she answered telephones, input data, handled upkeep of medical files, ran errands, lifted heavy medical records, went with patients to different tests outside of the nursing home, helped patients to and from beds, ordered and put up supplies (Tr. 212).  When working as a clerk technician, Plaintiff transcribed doctors' orders and kept files updated, input information into the computer, transported patients back and forth to appointments and errands, answered multiple telephone lines, ordered tests and made appointments for clients, and reported test results to the doctors (Tr. 213).

Given the time frame of Plaintiff's reported work, it is quite probable this same record evidence was before ALJ McLaughlin when he issued the decision to deny Plaintiff's disability applications in April  2010.  ALJ McLaughlin's decision is contained within the record submitted to this Court (Tr. 40-52).  He utilized the services of a vocational expert to assist in finding Plaintiff's PRW was classified as a medical record clerk (DOT 245.362-010) and a psychiatric aide (DOT 355.377-014) (Tr. 51).  According to ALJ McLaughlin's decision, these occupations are identified as light semi-skilled and medium semi-skilled work, respectively (Tr. 51). With this evidence in the record before the Court, and the noticeable lack of Plaintiff's testimony from the hearing, the undersigned is unable to discern on what basis  ALJ Carstetter classified Plaintiff's past relevant work as a medical secretary.

As noted above, the ALJ failed to identify the evidence supporting his determination of Plaintiff's PRW.  The Court declines to make an arbitrary assumption regarding what the ALJ may have considered in making his findings.  *See, e.g., Cook*

*v. Barnhart*, 347 F. Supp. 2d 1125, 1132 (M.D. Ala. 2004) (noting that even where the Commissioner's argument on an issue might not be unreasonable, the courts will not make routine or arbitrary assumptions regarding what an ALJ did and did not consider if the ALJ fails to state what evidence contributed to his findings). This Court's review of the record reveals substantial evidence does not exist to support the ALJ's identification of Plaintiff's PRW as that of a medical secretary.

**Failure to Use Vocational Expert**

The ALJ's alternate step five finding is also concerning. Without citation to record evidence or vocational resources, the ALJ determined Plaintiff's additional non-exertional limitations do not significantly reduce the number of available jobs a person with Plaintiff's RFC could perform in the national economy (*see* Tr. 28). Such a conclusion is difficult to make without the assistance of a vocational expert, particularly in view of Plaintiff's environmental restrictions and her non-severe mental impairments. *Cf. Young v. Apfel*, No. 98 C 1058, 1999 WL 354776, at *7 (N.D. Ill. May 27, 1999) (suggesting vocational expert assistance may be necessary to determine the extent to which a claimant's environmental restrictions impact the jobs the claimant could perform).[5] Here, the ALJ used Medical-Vocational Rule 202.14 in the "Grids" as framework for finding Plaintiff not disabled (Tr. 28).[6]

---

[5]Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent.

[6]The Grids are a series of rules which use a matrix of a claimant's RFC for sedentary, light, medium or heavy work and the claimant's vocational profile of his age, education and past relevant work, to direct a conclusion on the issue of whether the claimant is capable of substantial gainful activity in the national economy. 20 C.F.R. Pt.

In relatively simple cases, when the Grids are used as a framework for evaluating additional impairments of a non-exertional nature, the Commissioner's guidelines suggest an ALJ utilize the vocational/work-related publications listed in 20 C.F.R. § 404.1566 to determine what jobs exist that a claimant can perform.  SSR 83-14, 1983 WL 31254 at *3-4, (SSA 1983).  *See also, Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (an ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence).  In more complex cases, the Commissioner has found "a person or persons with specialized knowledge would be helpful." SSR 83-14, 1983 WL 31254, at *4.

Eleventh Circuit case law strongly suggests a preference for use of a vocational expert where non-exertional impairments may limit a claimant's ability to work.  As stated in *Williams v. Halter*, 135 F. Supp. 2d 1225, 1235 (M.D. Fla. 2001), "[i]t is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."

In this case, it is evident Plaintiff cannot do unlimited types of work because she is precluded from "even moderate exposure to pulmonary irritants . . . and hazards" (Tr. 24).  *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (finding expert testimony was required to determine whether the plaintiff's limitations around

---

404, Subpt. P, App. 2, §§ 200.00-204.00; *Heckler v. Campbell*, 461 U.S. 458, 460-62 (1983).  Only when the assessed RFC is for a full range of work and there are no non-exertional  limitations to further diminish a claimant's ability to perform work at a given exertional level, may the ALJ rely exclusively on the Grids. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985); *Holley v. Chater*, 931 F.Supp. 840, 851 (S.D. Fla. 1996).

unprotected heights or dangerous moving machinery would preclude him from performing a wide range of light work).  Moreover, the Court finds the instant action is not a simple case in which reference to the various acceptable vocational publications would suffice.  Under both Eleventh Circuit precedent and the Commissioner's program policy statement for evaluating a combination of exertional and non-exertional impairments (SSR 83-14), vocational expert testimony should have been obtained in this case.

## IV. Conclusion

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards.  Accordingly, the Commissioner's decision is hereby **REVERSED and the case is REMANDED** for additional proceedings consistent with the findings herein.   On remand, the Commissioner shall: (1) conduct a new hearing at which Plaintiff may appear and be heard and vocational expert testimony shall be obtained, (2) reassess Plaintiff's past relevant work and her ability to return to it, (3) re-evaluate the examining physician, Dr. Harper-Nimock's, medical opinion, and if parts of the opinion are disregarded explicitly state the reasons therefor, (4) reassess Plaintiff's RFC, and (5) conduct other proceedings as may appear necessary.

In light of this conclusion and the possible change in the RFC assessment, the Court finds it unnecessary to address Plaintiff's other arguments.  *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam); *Freese v. Astrue*, 2008 WL 1777722, at *3 (M.D. Fla. Apr. 18, 2008); *see also Demenech v. Sec'y of the Dep't*

*of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (per curiam).

Accordingly, it is **ORDERED:**

1.      The Commissioner's decision is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and **REMANDED** with the instructions stated above.

2.      The Clerk of Court is directed to enter judgment consistent with this Order and close the file.

3.      Should this remand result in an award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b).  Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees.  *See* In re: *Procedures for Apply for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1381(d)(2),* Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412.

**DONE AND ORDERED** in Jacksonville, Florida this  20th  day of February 2015.


MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to counsel of record